**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cequent Performance Products, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> ACE American Insurance Company, <br><br> Defendant. | No. CV-10-2550-PHX-DGC <br><br> **ORDER** |

Defendant moves to dismiss under Rule 12(b)(6) on the ground that the insurance contract at issue in this case does not entitle Plaintiff to relief. Doc. 12. Plaintiff opposes the motion, arguing that the contract's plain language entitles it to relief. Doc. 14. The motion has been fully briefed. Docs. 12, 14, 15.[1] The Court will deny the motion.[2]

**A.    Legal Standard.**

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*,

---

[1] Defendant's motion and reply fail to comply with the Court's font-size requirements for text and footnotes. LRCiv 7.1(b)(1). Defense counsel shall comply with these requirements in all future filings.

[2] The parties' request for oral argument is denied because argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

119 F.3d 778, 783, n.1 (9th Cir. 1997).

Under Arizona law, "[p]rovisions of insurance policies are to be construed in a manner according to their plain and ordinary meaning." *Sparks v. Republic Nat'l Life Ins. Co.*, 647 P.2d 1127, 1132 (Ariz. 1982) (citing *Parks v. Am. Cas. Co. of Reading*, 572 P.2d 801 (Ariz. 1977)). "Where the language employed is unclear and can be reasonably construed in more than one sense, an ambiguity is said to exist and such ambiguity will be construed against the insurer." *Id.* (citation omitted). "In determining whether an ambiguity exists in a policy, the language should be examined from the viewpoint of one not trained in law or in the insurance business." *Id.* (citation omitted).

**B.   Discussion.**

Plaintiff seeks coverage under the second of two insurance policies issued by Defendant. Doc. 1. The relevant facts are alleged to be as follows. The primary policy has a $1 million deductible and states that Defendant's "obligation to pay damages under this policy applies only to the amount of damages in excess of the deductible amount." *Id.* at 5. The second policy is an umbrella policy that "provides $25 million in coverage per occurrence 'in excess of the "retained limit" that the "insured" becomes legally obligated to pay as damages.'" *Id.* The term "retained limit" is defined as either (1) "the total applicable limits of underlying insurance and any applicable limit of other insurance providing coverage to the insured" or (2) "the Self-Insured Retention applicable to each occurrence that results in damages not covered by 'underlying insurance' or 'other insurance.'" *Id.* Plaintiff relies on the second clause of the retained limit definition and argues that the Self-Insured Retention ("SIR") for the umbrella policy is $100,000 per occurrence, Plaintiff has paid more than this amount by paying defense costs to date, the $1 million deductible in the primary policy is "not covered" by the primary policy, and Plaintiff therefore is entitled to coverage under the umbrella for the portion of the deductible in excess of $100,000. *Id.*

In moving to dismiss, Defendant argues that under clause 1 of the "retained limit"

definition, Plaintiff must first exhaust the $1 million deductible of the primary policy before seeking coverage under the umbrella policy.[3]  Doc. 12 at 1, 9.  Defendant also argues that clause 2 of the "retained limit" definition is not triggered because the term "not covered" does not include amounts within the underlying policy's deductible – "not covered" instead means that the policy does not provide coverage for the conduct at issue.  *Id.* at 9.  Defendant also argues that the $100,000 SIR has not been satisfied because the costs expended by Plaintiff to date are not attributable to "loss," defined as payment of the settlement or judgment.  Doc. 12 at 10.

Plaintiff responds that clause 2 of the "retained limit" definition applies because the primary policy relieves Defendant from paying the first $1 million of damages and therefore those damages are "not covered" by the primary policy.  Doc. 14 at 6.  Plaintiff also implies that the parties intended such meaning.  *Id.* at 7 ("[Defendant] does not . . . provide any reason to believe that the parties intended anything other than its plain meaning.").  Plaintiff cites to *U.S. Fidelity & Guarantee Ins. Co. v. Commercial Union Midwest*, 430 F.3d 929, 938 (8th Cir. 2005), a case decided under Minnesota law where the court engaged in policy, industry practice, and textual analysis to conclude that a large deductible from a primary policy was covered by a second excess-insurance policy.  As to Defendant's alternative argument, Plaintiff responds in part that Section III.A.3 of the umbrella policy does not apply.  Doc. 14 at 11.

The parties do not clearly address whether venue is proper in this district, nor which state's law should govern.  The parties cite cases from different jurisdictions where contracts with similar provisions have been addressed.  Although the Court is inclined to conclude that the umbrella policy applies only when the primary policy limits have been exhausted – i.e., that the deductible in the primary policy is not covered by the umbrella policy – *U.S. Fidelity* does suggest that a different result might be reached under some

---

[3] Defendant raises this argument against several insurance claims filed by Plaintiff. The Court's holding as to the argument in the abstract applies to all claims countenanced by Defendant's motion.

- 3 -

state laws.  The Court concludes that it cannot resolve this issue until the choice-of-law question has been addressed and decided.  The Court will therefore deny the motion to dismiss.

The Court will schedule a Rule 16 conference by separate order.  The parties' Rule 26(f) report should address venue and when the choice-of-law question will be resolved.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 12) is **denied**.

2. The Court will set a Rule 16 conference by separate order.

Dated this 29th day of April, 2011.

_____
David G. Campbell
United States District Judge